B. M. LANGFORD *v.* T. H. WEATHERSBY et al.

**Deed of Trust — Void for Uncertainty.**

    A deed of trust that describes personal property as " one hundred and fifty head of sheep, three milch cows, and one yoke of young oxen," is void for uncertainty.[1]

**Same — Errors Corrected.**

    A mistake in the preparation of a trust deed that makes the " grantor " the " grantee," but which is duly signed and acknowledged by the *intended* grantee, will be corrected by a chancery proceeding.[2]

A petition was filed in the Chancery Court of Madison county by plaintiff, seeking to enforce a deed of trust intended to have been given to plaintiff by F. O. Langford to secure a debt of $250. In said trust deed F. O. Langford is made the grantee and plaintiff grantor, but same was duly signed and acknowledged by F. O. Langford. This trust deed was given on certain land in the city of Canton, and on " one hundred and fifty head of sheep, three milch cows and one yoke of oxen." Kiefer & Co., one of the defendants, obtained a judgment against F. O. Langford for $125 and had execution levied on 115 sheep belonging to said

---

[1]

A description of property in a trust deed conveyed as the grantor's " entire interest in twenty-five bales of cotton raised by them and any hands they may employ during the year 1892 on land belonging to them or any other land they may cultivate during said year " is void for uncertainty and cannot be aided by proof that less than twenty-five bales were, in fact, raised by the grantors or their hands during said year. Draper *v.* Perkins, 57 Miss. 277, overruled. Redfield *v.* Montgomery, 71 Miss. 113, 14 So. 199.

While it is difficult, if not impossible, to describe live stock in a writing, so as to identify the property without resort to evidence *aliunde*, a mortgage of such property must mention some fact or circumstance connected therewith, which will serve to distinguish it from all other property of the same kind. A mortgage of " thirty head of cattle, three horses, and two mules," without other description, is void. Kelly *v.* Reid, 57 Miss. 89.

Hence, " one bay mare," with nothing else to identify the animal, is an insufficient description in a trust deed, and the instrument is void as to a purchaser for value who has no notice other than that constructively afforded by the record of the deed. Cowden *v.* Lockridge, 60 Miss. 385.

" One four horse iron axle wagon," without designation or location or other description, is a void description in a trust deed. Nicholson *v.* Karpe, 58 Miss. 34.

F. O. Langford, and the same were advertised for sale. Whereupon plaintiff enjoined said sale and joined Kiefer & Co., parties defendant. A demurrer was filed by said defendant on the ground " that the trust deed which is the basis of complainant's claim is void for uncertainty," and on the hearing thereof was sustained by the chancellor, from which plaintiff appeals.

APPEALED from Chancery Court, Madison county, E. G. PEYTON, Chancellor.

Affirmed in part and reversed in part, April 28, 1884.

*Attorney for appellant, John Handy.*

*Attorney for appellee, Robt. Powell.*

Brief of John Handy:

Keifer Brothers, on October 26, 1884, obtained judgment of Circuit Court of Madison county, in their favor against Fannie O. Langford, for $125 and costs of suit. Execution issued which was levied by Weathersby, sheriff, on 150 sheep, as the property of said F. O. Langford. Prior to the rendition of said judgment, on 23d January, 1883, said Fannie O. Langford executed a deed

A description in a trust deed of property as " being in Attala County, Mississippi, and described as follows: one boiler and engine and saw mill, one log cart, one cut-off saw, one gummer and tools, belonging to the mill," is void for uncertainty. Allen *v.* Dicken, 63 Miss. 91.

2

Palpable mistakes in writings will be corrected for the purpose of carrying out the intention of the parties; but the proof of the mistake must be clear and beyond doubt. Harrington *v.* Harrington, 2 How. 701.

The parol proof to correct a mistake is received with caution and distrust. Lauderdale *v.* Hallock, 7 S. & M. 622.

The correction of the mistake will be made between the original parties to the contract and those claiming under them in privity as heirs, devisees, legatees, voluntary grantees, judgment creditors, or purchasers, with notice of the mistake. Simmons *v.* North, 3 S. & M. 67.

Equity will reform a written instrument which through fraud, accident, or mistake in drafting it, does not express the actual contract. Norton *v.* Coley, 45 Miss. 125; Cummings *v.* Steele, 54 Miss. 647.

In such case parol evidence is admissible, and reformation may be had whether the agreement or writing be executed or not. Dunbar *v.* Newman, 46 Miss. 231; Insurance Co. *v.* Hoffheimer, 46 Miss. 645.

in trust to W. W. Evans for the benefit of B. M. Langford, complainant, to secure the payment of money loaned to her by said B. M. Langford. By said deed " 150 head of sheep, three milch cows, and one yoke of young oxen," and a certain lot of ground in Canton were conveyed. In the body of said deed B. M. Langford is, by mistake (as the bill alleges), described as the party of the *first part,* and said F. O. Langford as the party of the *third part,* and the deed on its face recites that the party of the first part conveys, etc., for the benefit of the party of the third part, which, *the bill states,* is precisely the reverse of what was the real state of the case, and what the parties intended to do.

This transposition of the parties, by mistake, runs through the body of the deed until the " testimony " part of it, in which Fannie O. Langford is, for the first time, properly described as the party of the *first part,* and her name is subscribed to the deed, and it was acknowledged by her as her act and deed, and by her alone so signed and acknowledged.

B. M. Langford could not, nor could his trustee, proceed at law to replevy the " 150 head of sheep " levied on. Admitting that the deed, so bunglingly drawn, was sufficient in other respects, the description of the sheep (" 150 head of sheep ") was too uncertain to risk a suit at law on it; he was compelled to ask chancery to reform the deed, and to enjoin the sale by the sheriff. See Reid *v.* Kelly and subsequent cases in our reports as to the insufficiency of such description.

The bill alleges an insufficient description not only of the *sheep,* but of the *cattle* embraced in the deed. And the prayer of the bill is that the sale of the *sheep* be enjoined; that the mistake in the deed as to the cattle (cows and oxen), as well as the 150 head of sheep, be corrected, and that the deed be reformed not only in respect to the uncertain description of property, but also in reference to the uncertainty (if it should be so considered) as to the party for whom and the party by whom the deed in trust was made. To this bill there was a demurrer which was sustained by the court and the bill was ordered to be dismissed.

The error is manifest. Admitting that the equity of the bill was not sufficient as to the *sheep* in the hands of the sheriff, it certainly was so as to the cows and oxen, and as to the construction asked for in reference to the description of persons. It should have been retained as to these matters in which Keifer Brothers,

the creditors, had no interest; the levy being on the sheep only, and being presumably sufficient. But the demurrer is general in its character, and not to any particular part of the bill, or to any particular relief asked for, and being bad as to a part of the bill at least, it was bad as to the whole. Story's Equity Pleading, § 443; Shearer v. Shearer, 50 Miss. 113.

The court below ought, therefore, to have overruled the demurrer.

The learned chancellor below read a long written opinion in this case, resting his decision of it solely on the ground that the deed in trust in this case was not indexed as a deed from Fannie O. Langford to Evans, the trustee, and that, therefore, it was no notice to creditors of F. O. Langford.   *   *   *

The point taken by the chancellor is not made by the demurrer, nor was it argued by counsel. It is admitted by us that a general demurrer to a bill, adjudging no causes of demurrer, may be indulged by the court, where upon the face of the bill it is clear that there is no equity in it; this rule does not apply where special causes of demurrer are assigned, lest, as in this case, the opposite party should be surprised by a line of defense not suggested by the pleadings and, therefore, waived.

Two cases are relied on, one in Wisconsin and one in Pennsylvania, to show that if the deed be not indexed, it is not notice, though recorded. These cases are not at hand, and I know not upon what statutory laws of those States they may proceed. But by our statute (§ 1213), it is declared that every deed in trust shall, as to creditors and subsequent purchasers for value without notice, take effect " from the time when delivered to the clerk to be recorded." By section 1223 the clerk is directed to mark upon every deed the very " minute " of the day, of the month, and the year when he received it, and by section 1224 he is directed to index every deed immediately on its receipt. These statutes are directory to the clerk, they impose duties upon him, but they do not change or vary the express declaration of section 1213, by which the grantee's rights are made to depend upon the act of *delivery for record.* When delivery to the clerk is made, the deed takes effect *eo instanti,* and this whether indexed or not, and, I suppose, whether recorded in a book or not.   *   *   *

The court's attention is called to the fact that Fannie O. Langford is a party to the bill as defendant, and that all the defendants

joined in the demurrer. It was manifestly a good bill as to her, for the purpose of reforming the deed as to the property other than the 150 head of sheep. It was, therefore, error to sustain the demurrer and to dismiss the bill.

Brief of Robt. Powell:

The demurrer in this case presents the question whether the deed of trust, as recorded, imported notice to creditors.

The law requires the clerk to record all instruments offered for record and to have a well-bound book of suitable size and paper of which to make a general index, direct and reversed, on one page or column of which shall be entered in regular alphabetical order, under the appropriate letter, the name of the maker of the instrument showing to whom made; and on the opposite page or column, in like alphabetical order, under its appropriate title shall be entered the name of the person to whom the instrument is made, showing by whom made, and immediately on receipt of any instrument to be recorded the clerk shall make these entries, and after recording the instrument the book and page in which the record is made shall be noted opposite the name thus placed in the general index, both direct and reverse. See § 1224, Code of 1880, also §§ 1225, 1226, 1227.

Where the statute requires an index to be kept by the recorder, a failure to index does not make the instrument operate as constructive notice. Pringle v. Dunn, 37 Wis. 449.

It is otherwise if the law does not require an index. Schell v. Stein, 76 Pa. St. 398.      *      *      *

But the question might be asked, if the deed be properly recorded and the mistake occurred in the entry on the index-books, who shall suffer, the incumbrancer or third persons who have been mislead by it? The answer is, it is the business of the incumbrancer to see that the registry laws have been complied with by the officer so that bona fide purchasers and creditors shall have notice of the incumbrance. " If a mistake occurs to his prejudice, the consequence of it lies between him and the clerk." Frost v. Beekman, 1 Johns. Ch. 299.

The clerk in recording the deed in controversy did not commit a mistake, but he discharged his duty faithfully in the premises. It was the mistake of the parties to the deed. It was folly in B. M. Langford to accept a deed of trust which recites that he is

grantor, that he owes a debt of $250 to F. O. Langford, evidenced by promissory note, and conveys the property in the deed mentioned to W. W. Evans, trustee, to secure the payment of said debt. Throughout the deed B. M. Langford purported to be the *grantor* and F. O. Langford the beneficiary. The deed is signed by the beneficiary and not by the *grantor*. It is, therefore, very imperfect. No actual notice of the contents of the deed is charged in the bill.

By the record of deeds B. M. Langford is held out to the world as the grantor of the deed; it, therefore, manifestly gives no notice to *bona fide* purchasers and creditors that it is the deed of Fannie O. Langford.

OPINION.— COOPER, J., delivered the opinion of the court:

The deed of trust was void for uncertainty as to the personal property and it is not shown that the judgment creditors have any lien on or assert any right as against the land. But the complainant was entitled to the relief prayed as against Mrs. Fannie O. Langford, and the demurrer which was sustained purported to be the joint demurrer of all the defendants. It should have been sustained as the demurrer of Keiffer Brothers, the judgment creditors, and as that of the sheriff, and overruled as the demurrer of Mrs. Langford. Story on Equity Pleading, § 445.

The decree is affirmed as to Keiffer Brothers and Weathersby, and reversed as to Mrs. Langford, who may answer within thirty days after the mandate shall have been filed in the court below. Mrs. Langford will be taxed with the costs of this appeal.